IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WOODS, | ) | CASE NO. 5:15 CV 140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

### A.    Nature of the case and proceedings

This is an action by Jeffrey Nelson Woods under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 9.

[3] ECF # 6.

[4] ECF # 7.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Woods, who was 47 years old at the time of the administrative hearing, has an eleventh grade education.[10] He reports prior employment as a truck driver, delivery driver, and a tow motor driver.[11] Woods states that he worked as a truck driver until early 2009.[12] He continued to look for work until May 2011, when he realized his increased health problems rendered him unable to work.[13]

The Administrative Law Judge ("ALJ") found that Woods had the following severe impairments: fibromyalgia, obesity, cervical degenerative disc disease, herniated thoracic

---

[5] ECF # 4.

[6] ECF # 8.

[7] ECF # 10 (Woods's brief), ECF # 15 (Commissioner's brief).

[8] ECF # 10-1(Woods's charts), ECF # 16 (Commissioner's charts).

[9] ECF # 10-1 (Woods's fact sheet).

[10] *Id.* at 1.

[11] *Id.*

[12] *Id.*

[13] ECF # 7, Transcript of Proceedings ("Tr.") at 46.

disc with mild central canal stenosis, cervical spondylosis, mild stenosis lumbar spine, lumbar degenerative disc disease, lumbar radiculopathy, obstructive sleep apnea, denervation atrophy and inflammatory myopathy, myositis, polymyositis, depression and pain disorder with general medical and psychological factors.[14] The ALJ decided that the relevant impairments did not meet or equal a listing.[15] The ALJ made the following finding regarding Woods's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl, avoid all exposure to workplace hazards such as unprotected heights or hazardous machinery; limited to simple, routine tasks that can be learned in 30 days or less, low stress work which is defined as precluding tasks that involve high production quotas (such as piece work or assembly line work), strict time requirements, arbitration, negotiation, confrontation, directing the work of others or being responsible for the safety of others, and superficial interaction with coworkers and the public.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Woods could perform.[17] The ALJ, therefore, found Woods not under a disability.[18]

---

[14] *Id* at 22.

[15] *Id.*

[16] *Id.* at 24.

[17] *Id.*

[18] *Id.* at 30.

## C.     Issues on judicial review and decision

Woods asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Woods presents the following issues for judicial review:

- The ALJ found at step four that plaintiff had the residual functional capacity for a reduced range of sedentary, unskilled work. This finding lacks the support of substantial evidence because the ALJ failed to follow the mandatory procedures of SSR 96-7p regarding evaluation plaintiff's testimony and reported activities of daily living, and as a result did not adequately consider the entire record and explain why she found plaintiff capable of sustaining gainful employment.

- The ALJ found at step five that plaintiff was able to perform a significant number of jobs in the national economy despite his residual functional capacity. The finding lacks the support of substantial evidence because Plaintiff is incapable of sustaining work in the competitive market.

- The ALJ relied upon Vocational Expert testimony to deny plaintiff's application at step five. This finding lacks the support of substantial evidence because the hypothetical relied upon by the Vocation Expert is not supported by substantial evidence.

For the reasons that follow, I conclude that the ALJ's no-disability finding has the support of substantial evidence. The denial of Woods's application will be affirmed.

**Analysis**

**A.     Applicable Law**

*1.     Standard of review*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Review of the ALJ's decision**

Woods essentially contends that RFC in this case is flawed for failing to fully credit his testimony about his difficulties with activities of daily living.[22] He argues that the main defect in the ALJ's reasoning is that the ALJ concluded that Woods can consistently perform activities that Woods maintains he can do only sporadically.[23]

Here, the ALJ found that Woods had only mild restrictions as to activities of daily living.[24] In particular, the ALJ noted that Woods drives to the bank or the store three to four times per week, as well as takes his nephew to school "a couple of times" a week.[25] In addition, the ALJ observed that Woods "cuts the grass and does some laundry."[26] Later in

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] ECF # 10 at 7.

[23] *Id*. at 9.

[24] Tr. at 23.

[25] *Id*.

[26] *Id*.

the opinion, the ALJ discussed in some detail Woods' testimony that he: (1) suffers from chronic pain and weakness; (2) has impaired balance that leads to falls; (3) needs to lie down during the day, or for an entire day; and (4) has limitations as to sitting, standing, walking or carrying.[27] Further, the ALJ also took note in the opinion of objective medical findings showing slow gait, spinal tenderness, some notes of reduced spinal range of motion, some difficulties in rising from a chair, decreased range of motion in the hips, and one finding of positive straight leg raising.[28]

But, the ALJ then cited to findings of normal gait, lack of tender points, multiple findings of normal spinal range of motion, fair balance, and good grip strength of the right hand.[29] In addition, the ALJ observed that although the psychological examining consultant noted that Woods displayed "pain behaviors" such as "grimacing and guarding," Woods' gait and posture were "unremarkable."[30]

Finally, as to the opinion evidence, the ALJ found that the opinion of the state agency consultant that Woods could perform light work with some posture restrictions was entitled

---

[27] *Id.* at 24-25.

[28] *Id.* at 25-27.

[29] *Id.* at 25-27. I note, for example, that the ALJ cited to the treatment notes of Dr. Goske, who said that although Woods complained of "more pain and weakness," on examination "cervical, thoracic, and lumbar range of motion was normal;" "gait was normal;" and "tender points" were noted, although there was "decreased range of motion to his hips." *Id.* at 27.

[30] *Id.* at 27.

to "some weight," but further found that such a functional restriction should here be reduced to sedentary, due to "claimant's assertions of pain."[31]

On review, the ALJ in this case systematically set forth the testimony of the claimant, the medical evidence and the opinion evidence, before reaching the conclusion as to the RFC. Moreover, as of importance to this argument, the ALJ explicitly credited Woods' testimony about his pain to the degree that it persuaded the ALJ to reduce the RFC propounded by the state agency consultant from light work to sedentary.

As such, this is not a case where the ALJ rested entirely on extrapolations from the claimant's testimony about activities of daily living to support the functional limitation findings, nor is it the case where the ALJ simply dismissed without comment or analysis a claimant's assertions about pain. Rather, the opinion here shows a careful, detailed review of the objective medical and opinion evidence, with a final modification favoring the claimant and resting on an explicit, if partial, crediting of Woods' own testimony on pain.

## Conclusion

Therefore, for the reasons stated above, I find that substantial evidence does support the finding of the Commissioner in this case, and thus the decision is affirmed.

IT IS SO ORDERED.

Dated: February 29, 2016                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[31] *Id*. at 28.